UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMA TISCH,

Plaintiff,

-against-

KENNETH HENDEL, GALLERY ART GROUP, INC., GALLART.COM, INC., GALLERY ART II, INC., DAY & MEYER, MURRAY & YOUNG CORP., AND JOHN DOE,

Defendants.

Civil Action No.: 16-cv-2991 (LGS)

**ANSWER TO AMENDED COMPLAINT WITH CROSS CLAIMS**

Defendant, Day & Meyer, Murray & Young Corp. ("DMMY"), by and through its attorneys, Hill Rivkins LLP, state as and for its Answer to plaintiff's Amended Complaint ("Complaint"), upon information and belief, as follows:

## NATURE OF THE CASE

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the complaint.

5. Denies all allegations directed at DMMY and, as to all other allegations, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the complaint.

6. Denies each and every allegation contained in paragraph 6 of the complaint.

7. Denies all allegations directed at DMMY and, as to all other allegations, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the complaint.

## PARTIES

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the complaint.

13. Admits solely that DMMY is a New York corporation that operates a storage facility at 1166 Second Avenue, New York, New York 10065 and denies that the facility is limited to art and other valuable objects. DMMY denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of the complaint, which was not specifically admitted herein.

14. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the complaint.

## JURISDICTION AND VENUE

15. To the extent that the allegations of paragraph 15 of the complaint state a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendant denies each and every allegation contained in paragraph 15 of the complaint.

16. To the extent that the allegations of paragraph 16 of the complaint state a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the complaint.

## FACTUAL ALLEGATIONS

17. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 30 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 32 of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 35 of the complaint.

36. Denies each and every allegation contained in paragraph 36 of the complaint.

37. Denies each and every allegation contained in paragraph 37 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 38 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 39 of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 41 of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 42 of the complaint.

43. Defendant denies each and every allegation contained in paragraph 43 of the complaint.

44. Defendant defers to the court for the meaning and/or interpretation of the referenced document and, to the extent that a further response is required, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 44 of the complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 45 of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 46 of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 47 of the complaint.

**COUNT I: CONVERSION**
**(AGAINST ALL DEFENDANTS)**

48. In response to paragraph 48 of the complaint, Defendant repeats and realleges each and every response to the allegations contained above, as though set forth in full herein.

49. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 49 of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 50 of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 51 of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 52 of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 53 of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 54 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 55 of the complaint.

56. Denies each and every allegation contained in paragraph 56 of the complaint.

57. Denies each and every allegation contained in paragraph 57 of the complaint.

58. Denies each and every allegation contained in paragraph 58 of the complaint.

59. To the extent that the allegations of paragraph 59 of the complaint state a legal conclusion, no responsive pleading is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 59 of the complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 60 of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 61 of the complaint.

62. Denies each and every allegation contained in paragraph 62 of the complaint.

63. Denies each and every allegation contained in paragraph 63 of the complaint.

**COUNT II: AIDING AND ABETTING CONVERSION**
**(AGAINST DAY & MEYER AND JOHN DOE)**

64. In response to paragraph 64 of the complaint, Defendant repeats and realleges each and every response to the allegations above, as though set forth in full herein.

65. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 65 of the complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 66 of the complaint.

67. Denies each and every allegation contained in paragraph 67 of the complaint.

68. Denies each and every allegation contained in paragraph 68 of the complaint.

69. Denies each and every allegation contained in paragraph 69 of the complaint.

70. Denies each and every allegation contained in paragraph 70 of the complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 71 of the complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 72 of the complaint.

73. Denies each and every allegation contained in paragraph 73 of the complaint.

74. Denies each and every allegation contained in paragraph 74 of the complaint.

**COUNT III: REPLEVIN (CPLR 7101)**
**(AGAINST HENDEL AND GALLERY ART)**

75. In response to paragraph 75 of the complaint, Defendant repeats and realleges each and every response to the allegations contained above, as though set forth in full herein.

76. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 76 of the complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 77 of the complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 78 of the complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 of the complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 80 of the complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 81 of the complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 82 of the complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 83 of the complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 84 of the complaint.

## GENERAL PROVISION

85. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

86. Without assuming any burden of proof, persuasion or production not otherwise legally assigned to Defendant as to any element of Plaintiff's claims, Defendant asserts the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

87. The claims asserted in the complaint fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

88. Defendant duly performed any and all duties to be performed on its part with respect to whatever goods were stored at Defendant's facility. Specifically, Defendant performed in accordance with and subject to all the terms and conditions of all applicable contracts, agreements, any applicable tariffs and classifications, and the rules set forth therein. Defendant claims the benefit of all defenses accorded it by those contracts, agreements, tariffs and classifications, and the rules set forth therein and by all other applicable contracts/agreements under which the goods were stored.

## THIRD AFFIRMATIVE DEFENSE

89. Plaintiff was provided sufficient notice of the intended release of the subject item and failed to take any action to prevent said release.

**FOURTH AFFIRMATIVE DEFENSE**

90. Other persons or entities, including Plaintiff, were negligent, and such negligence was a proximate cause of Plaintiff's injuries, if any, and should any judgment be awarded to plaintiffs, it must be apportioned among all such negligent persons or entities.

**FIFTH AFFIRMATIVE DEFENSE**

91. Plaintiff's claims are barred in whole or in part by waiver, estoppels, laches and/or public policy.

**SIXTH AFFIRMATIVE DEFENSE**

92. Defendant exercised reasonable care at all times in connection with the loss alleged in the complaint. Defendant is not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence which could not be prevented by the exercise of reasonable diligence.

**SEVENTH AFFIRMATIVE DEFENSE**

93. In the event the Court determines that any of the damage as alleged by Plaintiff actually occurred, such damage was not caused by any act or omission on the part of Defendant or its agents.

**EIGHTH AFFIRMATIVE DEFENSE**

94. Plaintiff has engaged in inequitable conduct constituting unclean hands, which bars any equitable relief sought herein.

**NINTH AFFIRMATIVE DEFENSE**

95. The liability, if any, of defendant is limited by the terms, conditions and/or exclusions of the applicable contract(s)/agreement(s).

## TENTH AFFIRMATIVE DEFENSE

96. In the event that Plaintiff had no, or has no, title or interest in the property that is the subject of this action, then Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## ELEVENTH AFFIRMATIVE DEFENSE

97. If Plaintiff suffered any damages, which is denied, then the damages were proximately caused by an act or omission of Plaintiff or its agent, without any intervening act on the part of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

98. Plaintiff has failed to properly and fully mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

99. Recovery against defendant is barred or limited based on the statute of frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

100. Recovery against defendant is barred and/or limited based on lack of privity.

## FIFTEENTH AFFIRMATIVE DEFENSE

101. To the extent the plaintiff seeks recovery based on negligence or fault, said recovery is barred or limited based upon comparative fault and/or contributory negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

102. Plaintiff's recovery is barred or limited based on the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

103. Defendant hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of this litigation.

## CROSS CLAIMS AGAINST KENNETH HENDEL, GALLERY ART GROUP, INC., GALLART.COM, INC. AND GALLERY ART II, INC.

1. Pursuant to the Federal Rules of Civil Procedure, Fleet Movers, Inc., makes the following cross-claims against Kenneth Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and Gallery Art II, Inc.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332 as the citizenship of the real and substantial parties is diverse, federal questions are presented under 28 U.S.C. § 1331, 49 U.S.C. § 11706, and under 28 U.S.C. § 1367 the Court has supplemental jurisdiction over the counterclaims asserted herein.

## PARTIES

3. DMMY is a corporation organized under the laws of the State of New York with its principal place of business in New York.

4. Upon information and belief, Kenneth Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and Gallery Art II, Inc. are each Florida residents and/or citizens.

## GENERAL ALLEGATIONS

5. On or about April 12, 2016 Kenneth Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. arranged for the subject artwork to be available at DMMY for viewing by a potential buyer.

6. Assuming Kenneth Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. did not possess legal title to the subject artwork, DMMY was never advised of such.

7. Plaintiff claimed ownership of the subject artwork and requested that Kenneth Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. not remove it from DMMY's facility.

8. At all relevant times, Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. represented that they were the rightful owners of the subject artwork.

9. Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. instructed DMMY to release the artwork to a designated courier.

10. DMMY relied upon the representations of Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc.

## COUNT I – INTENTIONAL OR NEGLIGENT MISREPRESENTATION

11. DMMY incorporates the allegations contained in all prior paragraphs, as if fully set out herein.

12. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, then Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. misrepresented their interest in and/or ownership of the subject artwork.

13. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, then Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. intended for DMMY to rely on their representations.

14. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, DMMY did in fact rely on If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc.'s representation.

15. The subject artwork was not on the stolen artwork registry nor was a police report provided to DMMY. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, DMMY had no reasonable basis to believe Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. were misrepresenting their interest in the artwork.

16. In the event that DMMY is liable to the plaintiff, DMMY will be damaged by Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc.'s intentional or negligent misrepresentation.

**COUNT II – FRAUDULENT MISREPRESENTATION**

17. DMMY incorporates the allegations contained in all prior paragraphs, as if fully set out herein.

18. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, then Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. represented that it had a lawful interest in and/or was the rightful owner of the subject artwork, which representation of fact it knew was not true.

19. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, then Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. knew the falsity of these representations or they were recklessly made.

20. If plaintiff's allegations against Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. are correct, then Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. made these representations with the intent to deceive and to induce DMMY to rely on their representations.

21. DMMY did, in part, rely on Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc.'s representations.

22. In the event that DMMY is liable to the plaintiff, DMMY will be damaged by Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc.'s fraudulent misrepresentations.

**COUNT III –INDEMNITY**

23. Any injury or damage sustain as alleged in the complaint was caused solely by reason of the negligence of defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. without any negligence or culpable conduct on the part of defendant DMMY contributing thereto.

24. If plaintiff recovers judgment against DMMY for the injuries or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc., and their agents, servants or employees, and defendant DMMY is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

**COUNT IV- CONTRIBUTION**

25. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence of defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. without any negligence or culpable conduct on part of defendant, DMMY contributing thereto.

26. If plaintiff recovers judgment against DMMY for the injuries or damage alleged in the Complaint, such liability will have been brought about or caused, in substantial part, by the

careless, negligent or culpable acts or omissions of defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc., and their agents, or employees, and DMMY is entitled to contribution from Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that DMMY shall have judgment over and against defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

**WHEREFORE**, defendant Day & Meyer, Murray & Young Corp. demands judgment dismissing the complaint or, in the alternative, for judgment on the cross-claims for the amount of any judgment against defendant Day & Meyer, Murray & Young Corp. and any additional amount to be determined at trial together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: June ____, 2016
New York, New York

HILL RIVKINS LLP
Attorneys for Defendant,
Day & Meyer, Murray & Young Corp.

By: /s/ Marc I. Kunkin
Marc I. Kunkin
45 Broadway, Suite 1500
New York, New York 10006
212-669-0600
File No.: 32097

To: John Robert Cahill jcahill@cahilllawfirm.com
Joseph M. Kaye jkaye@stoklaw.com, dsuazo@stoklaw.com, service@stoklaw.com
Luke William Nikas lnikas@bsfllp.com, aweber@bsfllp.com
Nathan Andrew Holcomb nholcomb@bsfllp.com
Paul Cossu pcossu@CahillLawFirm.com
Robert A. Stok rstok@stoklaw.com, dsuazo@stoklaw.com, service@stoklaw.com
Shoham Segal ssegal@stoklaw.com

careless, negligent or culpable acts or omissions of defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc., and their agents, or employees, and DMMY is entitled to contribution from Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that DMMY shall have judgment over and against defendants Hendel, Gallery Art Group, Inc., Gallart.Com, Inc. and/or Gallery Art II, Inc. for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

**WHEREFORE**, defendant Day & Meyer, Murray & Young Corp. demands judgment dismissing the complaint or, in the alternative, for judgment on the cross-claims for the amount of any judgment against defendant Day & Meyer, Murray & Young Corp. and any additional amount to be determined at trial together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: June 3, 2016
New York, New York

HILL RIVKINS LLP
Attorneys for Defendant,
Day & Meyer, Murray & Young Corp.

By: /s/ Marc I. Kunkin
Marc I. Kunkin
45 Broadway, Suite 1500
New York, New York 10006
212-669-0600
File No.: 32097

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Kimberley Crossen, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 186-10 Nashville Boulevard, Springfield Gardens, New York 11413. On June 3, 2016, I served the within **Answer to Amended Complaint with Cross-Claims** upon the person(s) or parties designated below by e-mailing a true and complete copy of same, at the last known address of the addressee(s) as set forth herein.

To: John Robert Cahill jcahill@cahilllawfirm.com
Joseph M. Kaye jkaye@stoklaw.com, dsuazo@stoklaw.com, service@stoklaw.com
Luke William Nikas lnikas@bsfllp.com, aweber@bsfllp.com
Nathan Andrew Holcomb nholcomb@bsfllp.com
Paul Cossu pcossu@CahillLawFirm.com
Robert A. Stok rstok@stoklaw.com, dsuazo@stoklaw.com, service@stoklaw.com
Shoham Segal ssegal@stoklaw.com

Kimberley Crossen

Kimberley Crossen

Sworn to before me this
3rd day of June, 2016

Notary Public

ROBERT BLUM
Notary Public, State of New York
No. 01BL4914091
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires December 7, 20__